[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S DISCOVERY REQUESTS
The defendant General Motors Corporation (GM) by motion dated January 15, 2003, requested an immediate conference with the court to address a "matter of grave importance" and making specific reference to Rule of Professional Conduct 3.3.[1] In a further written communication of January 16, 2003, the court was provided additional information indicating that "GM [has become] aware of information that evidence offered by a GM witness is of questionable veracity. GM requested the conference to promptly meet our ethical obligations to the court."
GM's request for a conference was granted, and the matter was heard on January 23, 2003. GM's counsel represented at the hearing that during a January 14, 2003, interview of GM engineer John Juriga, something was revealed that led GM counsel to conclude that a certain AVO [avoid verbal orders] dated July 13, 1988, was of questionable authenticity, and that the authenticity of other AVOs was now in question. In light of the now questioned authenticity of three documents used in this litigation by GM, GM's counsel also voiced serious concern about the veracity of deposition testimony given in this case by Juriga and another GM witness, Albert Schaefer.[2]
The documents at issue were the subject of a previous hearing during which the plaintiffs questioned their authenticity and, specifically, charged that they had been fraudulently manufactured by GM. GM vigorously resisted this challenge and stood by their documents and witnesses.
The essence of the plaintiffs' case is that GM stole their technical trade secret during a 1989 "black box" test of the plaintiffs' technology at a GM facility. The plaintiffs have maintained that GM has manufactured fraudulent evidence to defeat their claims in this case. It is unquestionable that probable cause currently exists to support that proposition, at least in part. CT Page 1959
What now is hotly contested is GM's claim that this is an isolated incident involving an alleged misdeed by one or two GM employees, and does not implicate the defendant company. GM maintains that Juriga is a low-level engineer and Schaeffer was an hourly employee. The plaintiffs argue the opposite, and seek to determine the level of participation by GM. The plaintiffs moved at the January 23rd hearing to reopen discovery to explore the level of GM's participation in the manufacture of what appears to be fraudulent evidence.
The court invited the plaintiffs to file a motion setting forth what additional discovery would be needed and could be accomplished prior to trial scheduled to begin in March of this year. Their motion was filed on January 31, 2003, and is the subject of this memorandum of decision.
The plaintiffs have moved the court for leave to depose various individuals and categories of persons who either witnessed various events or communicated concerning various issues, including GM's trial counsel. The plaintiffs also seek a Practice Book § 13-27h designee for purposes of establishing the chain of custody of various GM documents. In addition, the plaintiffs have proposed serving requests for production of documents.
GM, by brief dated January 31, 2003, has responded to the plaintiffs' request for discovery voiced at the January 23rd hearing and in a letter to the defendant dated January 27, 2003. GM does not oppose the request for additional deposition testimony from Juriga, Schaeffer and Eric J. Speckin. The plaintiffs therefore are authorized by the court to proceed with these three depositions, and the defendant is ordered to cooperate in facilitating such depositions.
The plaintiffs are further authorized to proceed with the requested depositions of Anil Kulkarni, Thomas McMahon and Alexander Kargilis.
The plaintiffs also seek to take the depositions of the following individuals who are attorneys representing GM: Jonathan F. Putnam, Lee Ann Stevenson, John Hickey, Anthony Luke Simon and Charles K. Veenstra. Attorneys Putnam and Stevenson are GM's trial counsel. An application for admission pro hac vice is pending as to Attorney Hickey, who seeks to be added as trial counsel for GM. Attorneys Simon and Veenstra were in-house counsel for GM (Attorney Veenstra is now employed by another corporation).
In accordance with the attorney-client privilege, depositions of opposing counsel are strongly disfavored by courts. See United States v.Yonkers Board of Education, 946 F.2d 180, 185 (2d Cir. 1991). The CT Page 1960 plaintiffs argue, however, that the evidence in this case supports a conclusion that the crime-fraud exception to the attorney-client privilege requires the deposition of counsel in this case. See UnitedStates v. Jacobs, 117 F.3d 82, 87 (2d Cir. 1997), which discusses the crime-fraud exception as follows:
 The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law . . . The purpose of the attorney-client privilege is to foster open communication between attorneys and their clients, so that fully informed legal advice may be obtained. However, because invocation of the attorney-client privilege will necessarily exclude relevant evidence from consideration, its application must be limited in some circumstances. One such circumstance involves a waiver by the client; a second involves use of the communication in furtherance of a crime or fraud.
. . .
 The crime-fraud exception removes the privilege from those attorney-client communications that are related to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct . . . It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the seal of secrecy between lawyer and client does not extend to communications made for the purpose of getting advice for the commission of fraud or crime . ..
 A party wishing to invoke the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime. This is a two-step process. First, the proposed factual basis must strike a prudent person as constituting a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof . . . Once there is a showing of a factual basis, the decision whether to engage in an in camera review of the evidence lies in the discretion of the district court . . . Second, if and when there has been an in camera review, the district court exercises its discretion again to determine whether the facts are such that the exception applies. These factual determinations are governed by the clearly erroneous standard.
(Citations omitted; internal quotation marks omitted.) Id.
CT Page 1961
The court finds that there is a factual basis provided by GM's trial counsel at the January 23rd hearing for a showing of probable cause to believe that a fraud or crime has been committed by GM employees and witnesses. It remains to be determined whether the communications in question were in furtherance of the fraud or crime. However, the purpose of the additional discovery sought by the plaintiffs is to determine to what extent the fraud went beyond those individuals and to what extent it is attributable to GM. There is no allegation that counsel for GM knowingly participated in any fraud. Accordingly, the court declines to authorize the deposition of GM's attorneys at this time.
With respect to the witnesses to the January 14, 2003, interview with Juriga, GM shall submit, under seal for in camera inspection, affidavits setting forth the events leading to the conclusion that Juriga's testimony, as well as a document or documents, were of questionable veracity. GM also shall designate, pursuant to § 13-27h, a representative who is able to knowledgeably testify about the chain of custody of the seven documents identified in Attorney Silverman's letter dated January 27, 2003, and addressed to Attorney Stevenson.
GM is further ordered to identify those persons of whom it is currently aware who communicated either with Schaeffer or Juriga concerning the items identified in page three of Attorney Silverman's January 27, 2003, letter.
With respect to the requests for production of documents proposed by the plaintiffs and dated January 27, 2003, GM is ordered to respond to requests number one, two, three, five, nine, ten, eleven, twelve and thirteen. Objections to requests for production number four, six, seven and eight are sustained to the extent that they relate to any items privileged under the attorney-client or work product doctrines.
GM shall respond to request for production number five with itineraries for Attorneys Hickey, Putnam and Stevenson relating to the January 14, 2003 meeting. Affidavits relating to "the occurrence of a meeting with Mr. Juriga that allegedly occurred on Tuesday, January 14, 2003" will be filed as sealed for in camera inspection by the court.
Compliance with all of the above orders shall be made within ten (10) days of the date of this order. The parties shall cooperate with this discovery order so as to facilitate the trial of this matter in March of this year.
ROBERT F. McWEENY, J. CT Page 1962